**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3898-18T1

LESLIE IMPERATORE,

    Plaintiff-Respondent,

v.

JOHN IMPERATORE,

    Defendant-Appellant.

_____

Submitted October 21, 2020 – Decided November 30, 2020

Before Judges Alvarez and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1189-00.

Joseph Cicala, attorney for appellant.

Verp & Leddy, LLC, attorneys for respondent (Francis J. Leddy, Jr. on the brief).

PER CURIAM

On March 29, 2019, a Family Part judge entered an order, after oral argument, denying a change of circumstances application by defendant John

Imperatore for downward modification of spousal support payable to plaintiff Leslie Imperatore. Plaintiff filed a cross-motion for enforcement of litigant's rights, which was granted in part. The relief awarded to plaintiff included enforcement of a 2010 judgment for fees to her former counsel in the amount of $1000 and $3662.50 for fees incurred for the application, in addition to a finding that defendant was in violation of the litigant's rights. We now vacate the order and remand because the court failed to supply a statement of reasons. See R. 1:7-4(a).

The rule requires a judge to render, orally or in writing, findings of fact and conclusions of law on motions "appealable as of right." Ibid. As we have repeatedly held, compliance is essential in order to enable meaningful appellate review. Gormley v. Gormley, 462 N.J. Super. 433, 449 (App. Div. 2019).

The order at issue—unaccompanied by a statement of reasons—specified only whether each request was granted or denied. The relevant clauses stated:

> 1. ORDERED that Defendant is in violation of litigant's rights; and it is further
>
> 2. ORDERED that Defendant's motion requesting modification or termination of alimony based upon changed circumstances is DENIED[.][1]
> _____
>
> [1] There is a two-step process in determining whether modification of alimony is appropriate: (1) whether

there was a prima facie showing of changed circumstances, and (2) whether the supporting spouse has the ability to pay. Lepis v. Lepis, 83 N.J. 139, 157 (1980); Crews v. Crews, 164 N.J. 11, 24 (2000).

The statement of law expressed in the footnote, undoubtedly correct, did not satisfy the rule mandate. It does not explain the judge's decision, making appellate review impossible. To borrow the phrase in the context of the net opinion rule, none of the "whys and wherefores" of the judge's thinking are included. See Quail v. Shop-Rite Supermarkets, Inc., 455 N.J. Super. 118, 132-33 (App. Div. 2018) ("The 'whys and wherefores' . . . are clearly absent from the document. . . . The document is a classic 'net opinion' that must not be allowed in the absence of . . . the basis for the conclusions reached.").

Defendant specifically appeals paragraphs one, two, six, and seven of the order. Because the judge did not explain his decision, we vacate the order and remand for reconsideration of defendant's application and the relief plaintiff obtained. Any order that follows must be accompanied by a statement of reasons.

The parties can proceed on the submissions originally supplied to the court or update the documents. Reconsideration of the submissions and a new decision shall be completed within sixty days of the entry of this order, and if

3

the parties wish to submit new or supplemental information, they must do so in compliance with time frames set forth in the rules.

The parties are not to draw any conclusions from this opinion. We deliberately do not touch upon the merits, or lack thereof, of the judge's decision because we do not have his analysis. We do not retain jurisdiction.

Vacated and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3898-18T1